IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARYLAND CASUALTY COMPANY
as subrogee of RUSHING PLAZA
BUILDING, LTD.,
     Plaintiff,

v.                                     Case No. 3:05cv291/LAC/EMT

BAGBY ELEVATOR COMPANY,
     Defendant.

_____/

**O R D E R**

       This cause is before the court upon Defendant's Second Motion to Compel Discovery (Doc. 31), Plaintiff's Response thereto (Doc. 33), and Defendant's Reply to Plaintiff's Response (Doc. 37). Defendant's motion asserts that Plaintiff's responses to discovery requests are significantly overdue (Doc. 31). In response, Plaintiff asserts that Defendant knew Plaintiff had no documents that had not been previously provided and that Plaintiff had agreed to serve a formal response to this effect, but "did not have the impression that time was of the essence in serving a formal response" (Doc. 33). On the same day Plaintiff filed its response to the motion to compel, Plaintiff served a formal response to Defendant's discovery request (*id.*) Because the court could not determine whether Plaintiff's response rendered Defendant's motion moot, the court ordered Defendant to reply to Plaintiff's response (Doc. 34).

       In Defendant's reply to Plaintiff's response, Defendant asserts that certain responses to its Second Request for Production are insufficient, vague, evasive, and non-responsive (Doc. 37 at 2). Specifically, Defendant sought production of:

        1.     Any and all items removed from the elevator equipment room at the subject premises . . . subsequent to the subject fire including but not

       limited to:
- a. Main panel box and breaker box.
- b. Disconnect switches for the motors to each of the subject elevators.
- c. Wiring and conduit.
- d. Elevator control panels.
- e. Any disconnect switches.
- f. Any fuse panels.
- g. Any fuses, circuit breakers or any other components removed from any panel boxes in the elevator equipment room.
- h. Any circuit breaker panels.
- i. Any other electrical devices such as panel boxes, conduit or wiring removed from any place in the building other than the basement/elevator equipment room. (Doc. 37, Attach. 1 at 1-2).

Plaintiff responded by first stating that the request did not seek documents and, therefore, Plaintiff does not have any documents responsive to the request (Doc. 37, Attach. 2 at 1). Plaintiff further stated:

> In terms of the items that Plaintiff collected from the fire scene, Plaintiff has made these items available for inspection to Defendant and it representatives. Defendant and its representative in fact inspected some of the items, and declined Plaintiff's invitation to inspect other items collected. Notwithstanding, Plaintiff stands ready, willing, and able to make all items it collected from the fire scene available for inspection at a time and date mutually convenient to the parties. (Doc. 37, Attach. 2 at 1).

Defendant contends that Plaintiff's response fails to specifically identify which items or components exist and are available for inspection and testing (Doc. 37 at 4). Defendant seeks an order compelling "Plaintiff to provide specific, detailed responses (indicating what items exist or no longer exist or are available) to Defendant's Second Request for Production (category number 1, paragraphs a-I)"; requiring that any and all items be produced on February 24, 2006[1] for viewing, inspection and/or testing by Defendant's expert; and awarding attorney's fees and costs incurred in bringing the motion to compel (Doc. 37 at 7).

---

[1] The parties have scheduled an inspection for February 24, 2006 in which Plaintiff's expert will produce the remaining items (Doc. 37, note 2).

Case No.: 3:05cv291/LAC/EMT

Federal Rule of Civil Procedure 34(b) requires a written response to a request for production within thirty days after service of the request.  The rule further provides that "[t]he response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated."  Fed. R. Civ. P. 34(b).  An evasive or incomplete answer to an interrogatory or request for production is to be treated as a failure to answer.  Fed. R. Civ. P. 37(a)(3).

Plaintiff's response to Defendant's second request for production number 1 fails to provide specific responses with respect to each item (paragraphs a-i) requested by Defendant.  Therefore, Defendant's second motion to compel shall be granted to the extent that Plaintiff must provide specific, detailed responses (indicating what items exist or no longer exist or are available) to Defendant's Second Request for Production (category number 1, paragraphs a-i).  Additionally, Plaintiff shall produce the available requested items at the meeting scheduled for February 24, 2006.[2]

The remaining issue is whether Defendant is entitled to an award of expenses.  Rule 37(a)(4) provides, in relevant part:

> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Before ruling on the issue of sanctions, Plaintiff will be given an opportunity to be heard.

Accordingly, it is **ORDERED**:

1. Defendant's second motion to compel is **GRANTED** to the extent that Plaintiff must provide specific, detailed responses (indicating what items exist or no longer exist or are available) to Defendant's Second Request for Production (category number 1, paragraphs a-i) within **FIVE (5) DAYS** of the date of docketing of this order.  Additionally, Plaintiff shall produce the available

---

[2]The court notes that the discovery deadline is February 28, 2006 (Doc. 22).

Case No.: 3:05cv291/LAC/EMT

items requested by Defendant at the meeting scheduled for February 24, 2006.

    2.    Within **THREE (3) DAYS** of the date of docketing of this order, Plaintiff shall file a statement with the court explaining why sanctions should not be imposed.

**DONE AND ORDERED** this 17th day of February 2006.

            /s/ *Elizabeth M. Timothy*
            **ELIZABETH M. TIMOTHY**
            **UNITED STATES MAGISTRATE JUDGE**